## A. VANCLEAVE *v.* G. C. HAMILTION.

[Abstract Kentucky Law Reporter, Vol. 7—301.]

**Right of Way Over Land.**

Where in the partition of land the commissioners provide in their report that each of the heirs to whom separate lots of land are awarded shall have the right of a passage over the lands of the others, but failed to locate the same, it is not to be construed as meaning that one was to have a passageway wherever he desired over the land of another, but such a way as might be reasonably necessary, to be located as far as practicable with regard to the advantages and disadvantages of the parties.

APPEAL FROM MARION CIRCUIT COURT.

October 31, 1885.

OPINION BY JUDGE HOLT:

When the lands of Joseph O'Daniel were divided among his heirs by commissioners in 1884, they provided in their report, which was confirmed, that "each of the heirs shall have the right of a passway over the lands of the others," but failed to locate the same. This of course is not to be construed as meaning that one was to have a passway wherever he desired over the land of another, but such a way as might be reasonably necessary, to be located so far as practicable with a regard to the advantages and disadvantages according to each party. The appellant, Vancleave, who is by purchase the owner of a portion of the land, had, prior to April 3, 1879, had a way or ways to it over other lands; and the same having either been or being about to be closed by the owners of the lands, he at the time named brought this action to locate and establish a passway, by virtue of the provision in said report, from his land to the Lebanon and St. Rose turnpike over land now owned by the appellee, Hamilton, but which formerly belonged to and had been allotted in the division of the O'Daniel tract. The effort upon the appellant's part was to have it established so that it would run over the land known as the Prices B. O'Daniels seventy-two and one-half acre tract, while the appellee sought to have it fenced so that it would run over another portion of the O'Daniel land owned by him to a point in the Rugewick dirt road leading to and not far from said turnpike. Upon this question the parties offered considerable testimony; and, from it, it is evident that while the route desired by the appellant would be some shorter and perhaps more suitable for a road, yet it would be very injurious and damaging to the appellee, and that the other is a reasonably fair one in all respects. Moreover it shows that when the lands were divided among the O'Daniel heirs, the turnpike had not been built; and that no agreement was ever made by any owner of the seventy-two and one-half acre tract for the location of a passway over it from the Vancleave land; and it is doubtful from the testimony whether even a permissive one over it ever was executed for any period whatever. The lower court by its judgment of April 23, 1880, expressly decided that no passway should be located over it, but fixed it upon the other route and appointed commissioners to locate it; and the question being made and this appeal not having been taken until December 18, 1883,

46

said judgment, even if it were erroneous, could not now be questioned.

When the commissioners proceeded to act they found that, if they located the passway according to the judgment, it would necessarily strike a corner of the seventy-two and one-half acre tract to the extent of thirty feet one way and twenty feet another, and thus run over a mere corner of it; but to this, as shown by the report, the appellee consented, and thereupon the commissioners located it. The appellant excepted to the report upon the ground that the route adapted was not only a circuitous and impracticable one, but that it was not in accordance with the judgment, because at the point above named, it touched the seventy-two and one-half acre tract, which had been forbidden; and it is now claimed that the judgment is void for contradiction, by reason of first refusing to allow the passway to be located over the Prices B. O'Daniel land, and then in locating it so that it in fact did at the first point named take a part of it. It is evident that the lower court overlooked the fact that the route as ordered must necessarily touch it; but granting that a reversal would be authorized to cure so small a matter, yet, as the appellee consented to it, the appellant can not complain. The commissioners reported that it was a fair, reasonable way or route; and the court below, after hearing the testimony, confirmed it; and there is nothing to authorize a reversal of its action. As the appellee had consented in his answer to the establishment of the passway over the route when it was subsequently fixed by the court, we do not think there was any error in the judgment of December 13, 1882, by which the appellant was ordered to pay the costs, which accrued subsequent to the filing of the answer; and in any event the amount would not authorize this court to consider an appeal from it.

The judgments appealed from are affirmed.

Judgment *affirmed.*

*Knott & Harrison, Knott & Spaulding,* for appellant.
*W. E. & L. A. Russell,* for appellee.